IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



MICHAEL BLAKE BOURNE,           §
                                §
          Petitioner,           §
                                §
v.                              §    No. 4:17-CV-161-A
                                §
LORIE DAVIS, Director,          §
Texas Department of Criminal    §
Justice, Correctional           §
Institutions Division,          §
                                §
          Respondent.           §

**MEMORANDUM OPINION**
and
**ORDER**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Michael Blake Bourne, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) against Lorie Davis, director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

I. Factual and Procedural History

On April 1, 2009, a jury in the 355th Judicial District Court of Hood County, Texas, Cause No. CR11038, found petitioner guilty of aggravated assault with a deadly weapon and assessed

his punishment at 28 years' confinement. (Clerk's R. at 39.¹) Petitioner appealed his conviction, but his first appeal was dismissed by the Second District Court of Appeals of Texas for lack of jurisdiction. (Mem. Op., No. 02-09-138-CR, at 3.) The Texas Court of Criminal Appeals subsequently granted petitioner permission to file an out-of-time appeal, and, on December 18, 2014, the Second District Court of Appeals affirmed the trial court's judgment. ((Mem. Op., Texas Court of Criminal Appeals No. WR-73,625-02; Mem. Op., No. 02-14-00145-CR at 1.) Petitioner did not file a petition for discretionary review in the Texas Court of Criminal Appeals. (Docket Sheet, No. 02-14-00145-CR at 1.) On March 28, 2016, petitioner filed a state habeas-corpus application challenging his conviction, which the Texas Court of Criminal Appeals denied on January 25, 2017, without written order on the findings of the trial court.² (03State Habeas R.³ at

---

¹The clerk's record cited to in this opinion refers to the clerk's record filed in petitioner's second appeal, *Bourne v. State*, No. 02-14-00145-CR.

²Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not provide the date petitioner placed the document in the prison mailing system, however the "Inmate's Declaration" was signed by petitioner on March 28, 2016. (03State Habeas R. at 23.) For purposes of this opinion, petitioner's state habeas application is deemed filed on that date.

³"03State Habeas R." refers to the record of petitioner's state habeas application No. WR-73,625-03.

2

23 & "Action Taken.") This federal habeas petition challenging his Hood County conviction was filed on February 2, 2017.[4] Petitioner raises seven grounds for relief complaining of ineffective assistance of trial counsel. (Pet. at 6-7 & Insert.) Respondent asserts the petition is untimely under the federal statute of limitations and should be dismissed. (Resp't's Mot. to Dismiss at 4-8.)

## II. Statute of Limitations

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[4]Similarly, petitioner's federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner indicates in the petition that he placed the document in the prison mailing system on February 2, 2017. (Pet. at 10.)

3

>       (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>       (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time that petitioner had for filing a timely petition for discretionary review in the Texas Court of Criminal Appeals on Monday, January 19, 2015,[5] and closed one year later on January 19, 2016, absent any tolling. See Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690,

---

[5] January 17, 2015, was a Saturday; thus, petitioner would have had until Monday, January 19, 2015, to file a petition for discretionary review.

4

694 (5th Cir. 2003).

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter equity. Petitioner's state habeas application filed on March 28, 2016, after limitations had already expired did not toll limitations under § 2244(d)(2). *Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Therefore, the petition is untimely unless petitioner can demonstrate that equitable tolling is justified.

Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond a petitioner's control prevents him from filing in a timely manner or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, -U.S. -, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner presents no new evidence to meet the actual-innocence exception. However, in an attempt to trigger subsection (B) of § 2244(d)(1) and/or justify equitable tolling, he asserts that his delay was the result of various state-created impediments, including prison transfers and intermittent lockdowns; an inadequate law library and outdated and limited

access to legal materials; difficulty obtaining state court records; lost and/or confiscated personal property; confinement in administrative segregation; and mental illness. (Pet. at 9; Pet'r's Reply at 2-7.) Statutory tolling under § 2244(d)(2) may be justified where a prisoner is ignorant of the statute of limitations governing federal habeas proceedings and is unable to obtain a copy of the AEDPA from prison authorities. In that limited circumstance, an inadequate law library may constitute a state-created impediment under subsection (B). *Egerton v. Cockrell*, 334 F.3d 433, 437 (5th Cir. 2003). Such is not the case here. Petitioner does not allege, much less prove, that he was ignorant of the AEDPA statute of limitations. Rather, he complains about his inability to obtain more access to the law library and current case law. However, the § 2254 form petition does not require a petitioner to analyze or cite case law. Further, while it is possible mental illness can support equitable tolling, it does not do so as a matter of right. *Smith v. Kelly*, 301 F. App'x 375, 2008 WL 5155222, at *2 (5th Cir. 2008). Petitioner asserts that his "mental handicaps" and/or prescribed medication caused him "difficulty concentrating, made it hard to understand what [he] read while researching and made

[him] feel unmotivated and discouraged," but that he nevertheless continued to worked diligently in pursuing post-conviction relief. However, he fails to allege sufficient facts or adduce any evidence that his mental condition or any side effects of medications rendered him incompetent such that he was prevented from seeking post-conviction relief during the one-year limitations period. Finally, the remaining circumstances noted by petitioner are common problems incident to ordinary inmate status and do not invoke subsection (B) or warrant equitable tolling. *See Egerton v. Cockrell*, 334 F.3d 433, 437 (5th Cir. 2003); *Scott v. Johnson*, 227 F.3d 260, 263 n.3 (5th Cir. 2000); *Tate v. Parker*, 439 F. App'x 375, 2011 WL 3821122, at *1 (5th Cir. 2011); *Madis v. Edwards*, 347 F. App'x 106, 108 (5th Cir. 2009); *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004); *Jett v. Stephens*, No. SA-13-CV-0757-XR, 2013 WL 5656116, at *3 (W.D.Tex. Oct. 16, 2013); *Scott v. Stephens*, No. 4:13-CV-384-A, 2013 WL 3870648204, at *3 (N.D.Tex. July 25, 2013); *Clark v. Thaler*, No. 4:13-CV-244-A, 2013 1943309, at *2 (N.D.Tex. May 10, 2013).

Therefore, petitioner's federal petition was due on or before January 19, 2016. His petition, filed on February 2, 2017, is therefore untimely.

7

For the reasons discussed herein,

It is ORDERED that respondent's motion to dismiss be, and is hereby, granted and that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred. Petitioner has not made a showing that reasonable jurists would question this court's procedural ruling. Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED September 29, 2017.

_____
JOHN McBRYDE
UNITED STATES DISTRICT JUDGE